UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clinton Elton Atkins, | ) C/A No. 9:15-4071-JMC-BM |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Ofc. P.F.C. Forrester; Ofc. Thomas, *Library Ofc.*; Major Timothy Smith; Sgt. Wright, | ) |
| Defendants. | ) |

The Plaintiff, Clinton Elton Atkins, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is a pretrial detainee at the Al Cannon Detention Center. Plaintiff appears to allege a violation of his constitutional rights.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## **Discussion**

Plaintiff alleges that his book (The Lost Symbol written by Dan Brown) was lost during his transfer from one unit to another unit at the detention center. He claims that Defendant Forrester packed his belongings, Forrester failed to give him an "inventory" of his belongings, and Defendant Wright said that Plaintiff's property was misplaced. Plaintiff asked to speak with the Captain or Major over the detention center, but his request was denied. He allegedly wrote grievances and called the grievance hot line, but was denied help. Additionally, Plaintiff's requests to speak with internal affairs were denied. Complaint, ECF No. 1 at 3-4. He requests $50 for his lost book and $500 in punitive damages for neglect of his rights and denial of help. Id. at 5.

At most, Plaintiff appears to allege that Defendants Forrester and/or Wright were negligent in the handling of his book. It is well settled that the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of property. See Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir.1995). Thus, to the extent that Plaintiff is complaining of negligent conduct by these Defendants, he fails to set forth a viable claim under § 1983. See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189,



2

200–203 (1989)["[t]he Due Process Clause of the Fourteenth Amendment ... does not transform every tort committed by a state actor into a constitutional violation"].

Additionally, Plaintiff also fails to state a due process claim. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Mora v. City of Gaithersburg, 519 F.3d 216, 230–31 (4th Cir.2008); Bogart v. Chapell, 396 F.3d 548, 561–63 (4th Cir. 2005)[finding that intentional destruction of the plaintiff's animals did not violate the due process clause where plaintiff was afforded a meaningful post-deprivation remedy]. In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir.1986)(citing S.C.Code Ann. § 15–69–10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)).

Defendants Major Smith and Officer Thomas are entitled to summary dismissal because Plaintiff's pleadings fail to provide any specific factual information to support a claim that either of these Defendants violated his constitutional rights. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2)]. Plaintiff does not mention Defendants Smith or Thomas in the body of his Complaint and has not alleged any

3

specific claim against either of these Defendants. In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n. 5 (D.S.C. Jan. 5, 2011); Whaley v. Hatcher, No. 1:08CV 125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008).

Additionally, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability, see Slakan v. Porter, 737 F.2d 368, 370–75 (4th Cir. 1984), that exception does not operate to save Plaintiff's claims against Defendants Smith and Thomas, as the Slakan exception requires factual allegations showing a "pervasive and unreasonable risk of harm from some specified source ..." coupled with allegations showing that the supervisor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Slakan, 737 F.2d at 373 ; see Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994). As there are no factual allegations of any individual wrongdoing or potential supervisory liability on the part of Defendants Smith and Thomas, they are entitled to summary dismissal. See Weller v. Dep't of Soc. Servs., 901 F.2d at 399 [dismissal proper where there were no allegations against defendants].

To the extent Plaintiff is complaining about the processing of his grievances (or calls to grievance line), he has not identified or named as a defendant the person allegedly responsible for



4

this deprivation. Additionally, these claims fails to rise to the level of a constitutional violation. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)[no constitutional right to participate in grievance proceedings]; see also Smith v. Ray, 36 F. App'x 99, *1 (4th Cir. 2002) ["[A]ccess to the grievance procedure is not a constitutionally protected right[.]"].

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

November 13, 2015
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



6