# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Clinton Elton Atkins, ) | |
| ) | Civil Action No. 9:15-cv-04071-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Ofc. P.F.C. Forrester; Ofc. Thomas, ) | |
| *Library Ofc.*; Major Timothy Smith; ) | |
| Sgt.Wright, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding pro se and in forma pauperis, brings this action, (ECF No. 1), seeking relief for the loss of his property while he was a pretrial detainee at the Al Cannon Detention Center in Charleston, S.C. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 16), filed on November 13, 2015, recommending that Plaintiff's action, (ECF No. 1), be dismissed without prejudice for failure to set forth a viable claim under 42 U.S.C. § 1983. For the reasons explained below, the court **ADOPTS** the Magistrate Judge's Report, (ECF No. 16), to the extent that it relates to Plaintiff's 42 U.S.C. § 1983 claim and **DISMISSES** Plaintiff's action without prejudice.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

*A. Plaintiff's Claims*

Plaintiff brings this action to recover $50 for the loss of his property while in Al Cannon Detention Center and $500 in punitive damages for "denying [him] help and neglecting [his] right." (ECF No. 1.) Plaintiff alleges that Defendant Forrester packed Plaintiff's belongings and failed to give him an "inventory." Plaintiff states that Defendant Wright later informed him that his property was misplaced. *Id.* When Plaintiff asked for help to recover the property, he alleges

1

he was denied the ability to speak to the "captain or major" and denied assistance from the "jail grievance hotline." *Id.*

*B.  The Report*

The Magistrate Judge construes Plaintiff's complaint as a 42 U.S.C. § 1983 due process claim. 42 U.S.C. § 1983 provides a cause of action for the deprivation of federal constitutional and statutory rights under color of state law. *See Pink v. Lester*, 52 F.3d 73, 74 (4th Cir. 1995) (summarizing 42 U.S.C. § 1983). The Due Process Clause can arise under 42 U.S.C. § 1983 when a government official deprives a person "of life, liberty, or property, without due process of law." U.S. Const. amend. V.

The Magistrate Judge explains that Plaintiff does not have a due process claim under 42 U.S.C. § 1983 because (a) unintentional deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983, s*ee Pink,* 52 F.3d at 74 (quoting *Daniels v. Williams*, 474 U.S. 327, 328 (1986)), and (b) intentional but unauthorized deprivations of life, liberty, or property do not violate 42 U.S.C. § 1983 if a meaningful post-deprivation remedy for loss is available, *see Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2015). (ECF No. 16.) Based on Plaintiff's complaint that his property was misplaced, the Magistrate Judge's Report recommends that Plaintiff's action be dismissed[1] without prejudice for failure to set forth a viable claim under 42 U.S.C. § 1983. (ECF No. 16 at 2–3.)

---

[1] The Magistrate Judge also dismissed Plaintiff's complaint specifically against Defendants Major Smith's and Sargent Wright for failing to include "a short and plain statement" of their actions. Fed R. Civ. P. 8(a)(2); *see also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (explaining that a plaintiff must allege facts indicating personal involvement in the deprivation of constitutional rights).

2

## II.     LEGAL STANDARD

The Magistrate Judge's Report was made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.     ANALYSIS

Plaintiff, proceeding pro se, brings this action to recover $50 for the loss of his property and $500 in putative damages for "denying [him] help and neglecting [his] right." (ECF No. 1 at 5.) "A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (citations omitted).This court construes his claim as (1) a negligence claim for misplacing his property and not helping to recover it and (2) a due process claim for lack of procedures before his property was misplaced. (*See* ECF No. 1.)

Plaintiff's complaint appears to present a negligence claim because his primary concern is the loss of his book and the lack of help recovering it. His complaint states, "I want this court to make the defendant pay me $50.00 for the book; and $500 in puntive [sic] damage for denying me help and neglecting me my right." (ECF No. 1.) Construing Plaintiff's complaint liberally, it

also appears to be a due process claim because his civil cover sheet lists the cause of action under 42 U.S.C. §1983 (ECF No. 2), and he mentions that his rights were neglected. (ECF No. 1 at 5.)

To the extent that Plaintiff is bringing a negligence claim, this court does not have jurisdiction over the claim. To originally file a claim in federal court, there must be either (1) "diversity of citizenship" jurisdiction under 28 U.S.C. § 1332 or (2) "federal question" jurisdiction under 28 U.S.C. § 1331. First, for diversity jurisdiction, plaintiff must establish "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332. Here, the record contains no evidence that the parties are citizens of different states and the amount in controversy does not exceed $75,000. (ECF No. 1.) Therefore, the court has no diversity jurisdiction over this case.

Second, for federal question jurisdiction, Plaintiff must establish that his claim "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because a negligence claim is a state law tort claim, there is no federal question jurisdiction because the claim does not arise under the Constitution, laws, or treaties of the United States. (ECF No. 1.) Therefore, the court has no federal question jurisdiction over Plaintiff's negligence claim.

To the extent that Plaintiff is bringing a due process claim under 42 U.S.C. § 1983, this court finds availing the Magistrate Judge's analysis. Although Plaintiff objects to the Report because "dismissing this suit. [sic] only strengthens to deprive [him] of due process," (ECF No. 18), his objection does not alter the inapplicability of 42 U.S.C. § 1983 to Plaintiff's due process claim. Plaintiff appears to allege that his property was negligently misplaced and he was denied his due process rights. (ECF No. 1.) However, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Pink,* 52 F.3d at 74.

4

## IV. CONCLUSION

After a thorough review of the Report and the record, the court **ADOPTS** the Magistrate Judge's Report, (ECF No. 16), to the extent that it relates to Plaintiff's 42 U.S.C. § 1983 claim and **DISMISSES** Plaintiff's action without prejudice for the reasons discussed herein.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 3, 2016
Columbia, South Carolina